# In the
# United States Court of Appeals
## For the Eleventh Circuit

---

No. 25-10211

---

JASON ADAM JENSEN,

                            Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,
FLORIDA,
PASCO COUNTY,
JAMES BUCHS,
MEDICAL CENTER OF TRINITY, et al.,

                            Defendants-Appellees.

---

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 8:24-cv-00339-SDM-SPF

―――――――――――

ORDER:

Jason Jenson is appealing the district court's dismissal of his *pro se* civil complaint without prejudice. Jenson now moves for leave to proceed *in forma pauperis* ("IFP"), and also has filed an amended IFP motion, which is construed as motion for appointment of counsel.

Jenson has filed a financial affidavit, which shows that he is unable to pay the appellate filing fee. *Martinez v. Kristi Kleaners*, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004). Because he seeks leave to proceed IFP from this Court, his appeal is subject to a frivolity determination. 28 U.S.C. § 1915(e)(2)(B). An action "is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Here, there are no non-frivolous issues that the court erred in denying Jenson's complaint, in which he had raised 13 claims for relief against numerous defendants. As to Claims 1, 2, and 9, the court properly concluded that Jenson failed to state a claim "in a cogent way that would enable [each defendant] to frame responsive pleadings" because his complaint left the defendants to guess which of the alleged facts supported his claims against them. For Claim 3, the district court did not err in denying Jenson's claim under California's Unruh Civil Rights Act, as he did not allege that any of his allegations occurred within California.

For Claim 8, the court properly concluded that he had no standing, as he did not show that he has been injured by Florida's wiretapping statute and did not show that he was prosecuted under that statute or that he faced a genuine threat of being prosecuted under that statute. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-60 (1992). Nevertheless, presuming Jenson had standing to challenging the wiretapping statute, as well as the Baker Act and Americans with Disabilities Act in Claims 11 and 12, respectively, the court correctly determined that Jenson's complaint did not allege the essential elements for a facial constitutional challenge or a "quasi-facial" constitutional challenge as to those three statutes.

As to Claim 4, the court correctly found that Deputy Buchs was entitled to qualified immunity, as he had arguable probable cause to involuntarily commit Jenson based on observing Jenson's erratic behavior. As to Claim 5, the court properly concluded that Jenson did not allege any facts that showed that Medical Center of Trinity was a state actor for purposes of 42 U.S.C. § 1983. *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). Lastly, the district court did not err in dismissing Claims 6, 7, 10, and 13 for failure to establish diversity jurisdiction.

As to his motion for appointment of counsel, there are no non-frivolous issues that would warrant the appointment of counsel. Accordingly, Jenson's motions are DENIED.

/s/ Nancy G. Abudu
UNITED STATES CIRCUIT JUDGE